On November 2, 1932, the plaintiff secured a judgment against Lindsey C. Landry for the sum of $202.59, with legal interest thereon from judicial demand until paid. Execution issued on the judgment soon after it was rendered, and certain property was seized and sold by the sheriff, the sale realizing only a sufficient amount to pay the costs. The plaintiff filed a suit to revive the judgment on October 22, 1942, averring that, through a typographical error, the defendant was designated in the judgment as Lindsey C. Landry instead of Lindsey J. Landry, his correct initial; that the defendant in the action to revive is the same person named in the judgment, and the plaintiff asked that the judgment be revived and that the defendant described as Lindsey C. Landry and Lindsey J. Landry be decreed to be one and the same person.
To this proceeding, the defendant appeared and filed a plea to the jurisdiction of the state court and a plea in bar to the action on the ground that the defendant was adjudicated a bankrupt in the United States District Court for the Western District of Louisiana, on September 15, 1942, *Page 160 
prior to the filing of said suit to revive the judgment, the plaintiff having been listed as a creditor in the bankruptcy proceeding and given notice thereof. Plaintiff filed a supplemental petition and made the trustee in bankruptcy a party to the suit.
The trial judge overruled the exception to the jurisdiction of the court, and, apparently, overruled the plea in bar which was based on the same grounds. The defendant then filed an exception of no cause or right of action and a plea of prescription. These exceptions and pleas were also overruled, and defendant filed an answer reurging all of the defenses urged in the exceptions and pleas, particularly urging that he owns no property on which the judgment sought to be revived could operate as a judicial mortgage; that, as shown by his schedule filed in the bankruptcy court, he owns no equity in the property set apart as his homestead, as this property was subject to a mortgage for its full value, and said property was not subject to execution at the time of the adjudication in bankruptcy.
There was judgment below reviving the judgment against Lindsey J. Landry to have full force and effect from March 5, 1943, with a clause therein to the effect that the judgment shall be in rem and have force and effect only against property owned by the defendant on and prior to his adjudication in bankruptcy which has or might be exempted to him by the bankruptcy court. The defendant has appealed.
The record shows that the defendant filed a proceeding in bankruptcy in September, 1942, and listed on his schedule the plaintiff as a judgment creditor. Among his assets, he listed a lot of ground and improvements thereon purchased by him April 5, 1942, at a cost of $1,500, on which there was a balance due of $1,300, secured by vendor's privilege, payable $30.30 per month, which property he claimed and which was set apart to him by the trustee in bankruptcy as a homestead. He was adjudicated a bankrupt on September 15th and discharged on November 20, 1942.
The first question to determine is whether or not the court had jurisdiction to revive the judgment in a proceeding instituted after the adjudication in bankruptcy.
Article 3547 of the Civil Code provides that a judgment for a sum of money will prescribe in ten years from the date of its rendition, but the creditor or any person in interest may keep the judgment alive by causing a citation to issue to the defendant or his representative, from the court which rendered the judgment, unless the defendant or his representative show good cause why the judgment should not be revived. The proceeding to revive such a judgment is not a new suit but is a part of the original action. As long as the judgment remains unsatisfied, the suit is still pending. Scherrer v. Caneza, Sheriff et al., 33 La.Ann. 314. The fact that a judgment debtor has been adjudicated a bankrupt does not deprive a state court of jurisdiction to revive a judgment rendered by the state court prior to the bankrupt proceedings where an action to revive is brought after an adjudication is made, as the proceeding to revive is merely a continuation of the pending suit in the state court. 8 C.J.S., Bankruptcy, p. 1363, § 490. And, in so far as the judgment sought to be revived may act as a judicial mortgage on the property set apart to the bankrupt as exempt, after such property is so set apart, the bankruptcy court has no further jurisdiction over such property to determine the effect of the judicial mortgage on it. 8 C.J.S., Bankruptcy, p. 1384, § 505. It is therefore evident that the state court had exclusive jurisdiction over the proceeding to revive the judgment.
The exception of no cause or right of action and the plea in bar are based on the same ground, i.e., that the adjudication and discharge in bankruptcy had the effect of discharging the judgment sought to be revived. It is now well settled that while a discharge in bankruptcy does have the effect of discharging the bankrupt from personal liability, it does not destroy a judicial mortgage on the immovable property owned by the bankrupt and set apart as a homestead. Schexnailder v. Fontenot, Sheriff et al.,147 La. 467, 85 So. 207. The judgment creditor has a right to keep the judgment alive in order that he might preserve his judicial mortgage against any property the judgment debtor owned at the time of his adjudication and set apart to him as a homestead. This exception and this plea were properly overruled.
The plea of prescription, as we understand it, is based on the ground that plaintiff is seeking to reform the original judgment by having the defendant's name changed from Lindsey C. Landry to *Page 161 
Lindsey J. Landry; that an action to reform an instrument is prescribed in five years. However, the suit is to revive a judgment and to have the person named in the original judgment and the revived judgment decreed to be one and the same person. There is ample proof in the record to show that the defendant is the same person described in both judgments, and that his correct name is Lindsey J. Landry. In fact, he so acknowledged that he was the same person described in the original judgment when he accepted service on an intervention filed by a landlord in the execution of the judgment and therein signed his name as Lindsey J. Landry. And in the bankruptcy proceedings he listed the plaintiff as a judgment creditor on his schedule and signed his name as Lindsey Joseph Landry. The insertion of an incorrect middle initial of a defendant or the omission of such initial in a judgment does not affect the validity of the judgment.
The defense most strenuously urged by the defendant against the revival of the judgment is that he had no equity in the homestead set apart as exempt and therefore there is nothing against which the judicial mortgage can operate; that he owes on the property practically all the purchase price, and the payments which he will be required to make to pay the purchase price will come out of his future earnings and cannot be subjected to the payment of the judgment, as these earnings, under the law and the terms of the judgment, cannot be applied to the liquidation of an old debt from which he was personally discharged by the bankruptcy proceeding.
This argument presents an equitable reason for opposing the revival of the judgment to operate as a judicial mortgage against property which the defendant will pay for out of funds earned by him after his discharge in bankruptcy, however, that does not affect the legal right of the judgment creditor to have its judgment revived and kept in force as a judicial mortgage. This mortgage can operate only against this exempt homestead according to the terms of the judgment. If at the time of the adjudication in bankruptcy, this homestead was worth considerably more than the balance of the purchase price, this excess would be property owned by the defendant at the time of the adjudication and subject to the mortgage resulting from the recordation of the judgment, and the property could be released from the judicial mortgage by the payment or tender of this excess in value. If, on the contrary, the defendant had shown in this proceeding, or can show in an appropriate proceeding taken against the judgment creditor, that at the time of the adjudication the property set apart to him as a homestead was worth no more than the balance due on the purchase price, he could have the homestead declared free from the judicial mortgage resulting from the recordation of the judgment. And in case the homestead should ever become subject to execution under the judgment, the defendant can protect himself by claiming out of the proceeds of the sale of the property all amounts which he paid thereon out of funds earned by him after his adjudication in bankruptcy.
For the reasons assigned, the judgment appealed from is hereby affirmed at the cost of the defendant in both courts.