The primary question tendered in this case is whether the plaintiff, a judgment creditor of the defendant, has the legal right to have revived, subsequent to defendant's discharge in bankruptcy, a money judgment rendered several years prior thereto. A secondary question is raised in this court. It relates to liability for costs incurred in the revival suit. Are these costs enforcible against defendant as a personal obligation or do they have the same status as the judgment itself which is purely in rem?
Plaintiff was awarded judgment by default against defendant in the District Court of Natchitoches Parish on April 18, 1932. An automobile was seized and sold thereunder without opposition of any sort on defendant's part. The net proceeds of sale amounted to little. Thereafter, defendant's interest in thirty (30) acres of land in said parish was seized and advertised for sale. The sale was enjoined by defendant who attacked the judgment on the ground that he had not been legally cited in the original suit and that the obligation forming the basis of the judgment had been extinguished. The District Court sustained the suit to annul the judgment. On appeal to this court this judgment was reversed and the attacked judgment decreed to be valid. History of the litigation between these parties to that time is set out in the opinion of this court, reported in 189 So. 358.
Defendant established domicile in Rapides Parish and the suit to revive was instituted in that parish on April 16, 1942. He excepted to the court's jurisdiction ratione personae, but was overruled. In brief here, his counsel states that this question *Page 919 
is no longer an issue. Evidently the plea has been abandoned.
On May 12, 1942, defendant made voluntary surrender in bankruptcy. On his motion, on account of the bankruptcy proceedings, a stay order was entered in the revival suit. On October 10, 1942, by the bankrupt court, defendant was:
"* * * discharged of all debts and claims which are made approvable by said act against his estate, except such debts as are, by said act, exempted from the operation of a discharge in bankruptcy."
Thereafter, predicating his alleged right so to do upon said discharge, defendant moved the District Court of Rapides Parish to dismiss the suit to revive. In this motion he alleged that plaintiff was listed as his creditor in the bankruptcy proceedings, appeared and opposed the discharge; that said opposition was denied and rejected. Trial was had of the issue tendered by this motion. The lower court denied the same, rendered judgment reviving the original judgment and cast defendant for costs of that suit. He appealed to this court.
The lower court has favored us with well considered written reasons for its judgment. These appear to us to be unanswerable. They reflect correct conclusions of law applicable to the facts of the case. We here quote and adopt said reasons as properly disposing of the issue tendered by the motion, to-wit:
"The plaintiff, opposing the motion to dismiss the suit, alleges that the original judgment covers and affects certain real estate and other property in Natchitoches Parish, and that proceedings are presently pending in said parish to have this judgment enforced against this property; that although the property affected by the judgment has purportedly been transferred by defendant to other persons the judgment sought to be revived nevertheless still covers and affects the property under seizure.
"It will be seen that the only question before the court is the motion to dismiss the suit in its entirely on the sole ground that defendant has been granted a discharge from certain provable debts. Defendant has filed no answer setting out any other defenses.
"A judgment becomes a judicial mortgage in favor of the person obtaining it (C.C. 3321), and takes effect from the date it is recorded (C.C. 3322). Unless the judgment is obtained within four months prior to the filing of the petition in bankruptcy with the intent to fraud, the lien of the judicial mortgage resulting from the recording of the judgment is not only valid against the judgment debtor, but it may not be set aside or annulled by other creditors.
"Since a judgment duly recorded becomes a judicial mortgage, the property of the debtor pledged for the security of the debt, may be seized and sold in default of payment (C.C. 3278).
"The discharge of a bankrupt does not annul or render void all of the obligations of a bankrupt. In the case here, the discharge introduced in evidence, upon its face operates only as a discharge against the provable debts and claims against the estate. Mortgage claims are not provable against a bankrupt estate, unless the property mortgaged to secure the debt is worth less than the amount of the debt. It is then provable, apparently for the deficiency. Mortgaged property of a bankrupt, if it exceeds the value of mortgage debt, should be sold by the trustee, but otherwise it should be released to the mortgage creditor, In re Hagin, D.C., 21 F.2d 434.
"The jurisdiction of a state court over a pending foreclosure suit is not divested by the adjudication of the mortgagor in bankruptcy, and if the mortgage was given more than four months before filing of the petition in bankruptcy, and its validity is not assailed on any other ground under the bankruptcy law, the state court may proceed to foreclosure and sale. See Jerome v. McCarter, 94 U.S. 734, 24 L.Ed. 136.
"`Real property liens existing for a proper length of time before the filing of a petition in bankruptcy are not affected by a discharge in such proceeding. Thus, a valid judgment lien is not affected by the discharge of the judgment debtor in bankruptcy, though his personal liability may be released thereby.' 6 Am.Jur. 806.
"It would seem, therefore, that a judgment creditor would have an absolute right to keep the judgment alive and executory to the extent of enabling him to pursue any property affected by the lien. There is nothing in the bankrupt law divesting the state courts of jurisdiction, or the power, to revive a judgment that operates, and has operated, as a lien against any property of the bankrupt or to prohibit the state court from enforcing any right *Page 920 
claimed by any creditor against any property in the hands of the court seized by officers before the adjudication. But, since the court cannot foresee every situation that may arise, all it can do is to revive the judgment, with the restrictions hereinafter indicated, unless for some other reason plaintiff be not entitled to relief. The parties will then be free to invoke their respective rights, the plaintiff under the judgment, and the defendant under the discharge, under whatever situation may thereafter arise. The discharge unquestionably limits the effect of, but does not wholly discharge, the judgment. And the judgment, if revived, will remain in effect, not fully, but to the same extent, within the same limits, and with the same force, as if the judgment sought to be revived was not about to become extinct by the lapse of time. The rights of both parties continue in full force and effect under the decrees now in force, and, which will continue in force, if and when the judgment be revived.
"A discharge in bankruptcy, without any question, does discharge or bar the collection of all debts within the purview of what is designated as provable debts against the bankrupt. If the discharge be recorded in the mortgage records, it would be notice that the personal liability of any provable debt, reduced to judgment and recorded, was released or barred by the discharge, but not any lien or judicial mortgage created thereby. But, so long as the lien or judgment operates against property of the debtor, the judgment creditor clearly has a right to keep his judgment alive to the extent of the lien against such property, as well as for any other right of such creditor, if any, by reason of its existence. And if, and when the judgment be revived, the creditor should thereafter seek to subject any property not affected by the lien or judgment, or not in the hands of the court, or not otherwise subject thereto, to the payment of the judgment, then the bankrupt would have such right as his discharge under the bankrupt law gives, and he could invoke the discharge as a bar to such attempt.
"Defendant's counsel cites the cases of Keeting v. [Arthur], Stone [ Co.], 27 La. Ann. 570, and [Personal] Finance Co. v. Thomas, [La.App.], 167 So. 475. In a second supplemental brief he also cites, and seeks to distinguish, the case Jaubert Bros. v. Landry, La.App., 15 So.2d 158, [161]. We have read all these cases carefully. The first two do not involve the revival of a judgment, and as we appreciate their purport, are not applicable.
"The Jaubert Brothers case involves precisely the same issues that are raised here, except that the cited case, as distinguished from the case at bar, involved a judicial mortgage resting against the homestead of the defendant, on which there was a vendor's lien in an amount nearly equal, apparently, to the value of the property, and which was set aside to the defendant as a homestead by the bankrupt court.
"The purchase price mortgage resting on the homestead had to be, and was being, paid off out of funds earned after his discharge in bankruptcy, which presented a question not involved here, but even so the court held that that did
"`not affect the legal right of the judgment creditor to have its judgment revived and kept in force as a judicial mortgage.'
"As we have observed, the discharge in bankruptcy does not necessarily bar all of the bankrupt's debts. The decree of renewal or revival should be, and will be, restricted in its effect to those debts of defendant, if any there be, which were nor affected or released by the discharge in bankruptcy."
In regard to the question of costs incurred in the revival suit, it is our opinion that as costs follow the judgment the status of those involved herein is identical with that of the judgment; that is, the judgment being in rem the costs are of the same character, and may only be collected in the same manner.
In supplemental brief defendant's counsel states that the original note sued upon by plaintiff was extinguished prior to suit thereon, by surrender of the automobile for the price of which the note was given; and he asks, in the alternative, that the case be remanded to the District Court to the end that testimony to prove said extinguishment be allowed to be introduced. Surely, this issue has long since been closed. It was raised heretofore by defendant and specifically passed upon by this court in the opinion to which referred above. It now properly reposes in the realm of things adjudged.
For the reasons herein assigned, the judgment appealed from is affirmed. Defendant is cast for costs in this court. *Page 921