LOTTINGER, Judge.
This action originated as a suit on an open account by the plaintiff, Morris Lake & Son, against the defendant, George O. Strickland, .d/b/a George O. Strickland Mercantile Company, for the sum of $147.-50. Judgment on confirmation of default was rendered on June 21, 1950, and on March 5, 1951, garnishment interrogatories were served upon Strickland’s then employer, the Department of Public Safety of the State of Louisiana. On or about this same day, Strickland’s attorney informed the Assistant Superintendent of State Police that he represented Strickland in a bankruptcy proceeding and advised that no funds be withheld from his salary in view of the petition in bankruptcy. This information together with the garnishment proceedings were in due course forwarded to the Department’s attorney who discussed the matter again with Strickland’s attorney. By this time, however, Strickland had been adjudicated a bankrupt and the Department consequently did not answer the garnishment proceedings. On March 19, 1951, no answers having been filed to the interrogatories, judgment was rendered pro confesso in favor of the plaintiff against the Department of Public Safety.
Shortly after judgment had been rendered against the Department it proceeded by rule against the plaintiff to show cause why the judgment rendered against it should not be set aside and annulled, and/or why the Department should not be permitted to answer the interrogatories served upon it. Exceptions of no right of action and no cause of action were filed by the plaintiff (defendant in rule) and were sustained *53 by the trial court. On April 11, 1951, the Department filed a petition against the plaintiff, the object of which was to have rendered null and void the judgment which had been rendered against it. Exceptions ■of no right of action and no cause of action were again filed by plaintiff and sustained “by the trial court. The matter is now before us on an appeal taken by the Department of Public Safety from this latter ruling.
The petition alleges that Strickland was adjudicated a bankrupt on March 12, 1951 by the Referee in Bankruptcy of the Unit•ed States District Court for the Eastern District of Louisiana in Suit No. 1235, and that the judgment previously obtained against Strickland was thereby extinguished. It is further alleged that the judgment rendered against the Department •on March 19, 1951, was null and void for the reason that the bankruptcy judgment rendered some seven days previous had operated to divest the lower court of jurisdiction rationae materiae. The additional averment is made that the Department of Public Safety, being an agency of the State of Louisiana, cannot confess to judgment against it.
The Department, in its brief, places great emphasis on the provisions of Section 67, Subdivision a, of the Bankruptcy Act, 11 U.S.C.A. § 107, sub. a, the pertinent part of which reads as follows: “(1) Every lien against the property of a person obtained by attachment, judgment, levy, or ■other legal or equitable process or proceedings within four months before the filing of a petition in bankruptcy or of an original petition under chapter 10, 11, 12 or 13 of this title by or against such person shall be deemed null and void (a) if at the time when such lien was obtained such person was insolvent or (b) if such lien was sought and permitted in fraud of the provisions of this title; Provided, however, That if such person is not finally adjudged a bankrupt in any proceeding under this title and if no arrangement or plan is proposed and confirmed, such lien shall be deemed reinstated with the same effect as if it had not been nullified and avoided.”
The contention of the Department is that it was made a- garnishee on March 5, 1951, or within the four month period provided for 'in Section 67 and that therefore the garnishment proceedings were null. It is also contended that the plaintiff was listed as a creditor in the bankruptcy proceedings and that the garnishment proceedings are an attempt on its part to get more than its fair share of the bankrupt’s property.
The precise point here presented with reference to Section 67 of the Bankruptcy Act does not appear to have been passed upon by the Louisiana Courts. We are impressed, however, with the expression of the Supreme Court of Georgia in the recent case of Morris Plan Bank of Georgia v. Simmons et al., 1946, 201 Ga. 157, 39 S.E.2d 166, 171, in which the facts presented were almost identical to those of the case at bar. We accept the decision of the Georgia Court as good authority for it followed the decision of the Supreme 'Court of the United States in Fischer v. Pauline Oil and Gas Co., 1940, 309 U.S. 294, 60 S.Ct. 535, 84 L.Ed. 764, as controlling, and, as stated by the Georgia Court, “The Bankruptcy Act being a Federal statute, decisions of the United States Supreme Court construing and applying it are binding upon this court as precedents. Const.U.S. Art. 6, cl. 2”.
The pertinent part of the Georgia Court’s holding is as follows: ■
“ * * * Accordingly, although in this case, Treadway filed his voluntary petition in-bankruptcy, and was adjudicated a bankrupt on May 3, 1944, which was only five days after the summons of garnishment was served upon the plaintiffs (garnishees) — so that the lien of the garnishment might have been avoided in an appropriate proceeding by a trustee in bankruptcy acting in the interest of creditors, provided the debtor was insolvent at the time when such lien was obtained, or the bankruptcy court might have ordered the lien preserved for the benefit of the estate — the petition as filed by the present plaintiffs, seeking to set ■aside the default judgment against themselves as garnishees, does' not purport to serve any purpose recognized by the bank *54 ruptcy act, and the plaintiffs do not show any right to invoke its provisions. They are debtors rather than creditors of the bankrupt, and would therefore have no interest whatever in avoiding the lien for the benefit of such creditors. Nor are we concerned here with any right of the bankrupt, for it does not appear that the debt owed to him by garnishees was set apart to him as an exemption. Furthermore, he is not complaining.
“This court has several times said that the effect of section 67, sub. f, of the National Bankruptcy Act is not to avoid the levies and liens therein referred to against all the world, but only as against the trustee in bankruptcy and those claiming under him. * * *
“One thing is now clear, and that is, the filing of a petition in bankruptcy followed by an adjudication does not automatically annul liens obtained within four months, so as to make them subject to collateral attack; and furthermore, such a lien may be avoided only at the instance of the trustee in bankruptcy acting for the benefit of creditors, or by some other person having a right as against it, under the Bankruptcy Act. It must also be shown that the debtor was insolvent at the time the lien was obtained. * * *
“It follows that the petition in the instant case did not state any cause for setting aside the judgment against the plaintiffs, as defaulting garnishees, in so far as it was based upon the bankruptcy of Treadway, or upon any fact or matter connected therewith.”
With the above holding we are in full accord. It is clear also that under C.P. art. 263 the judgment rendered pro confesso is a judgment rendered by reason of the Department’s failure to answer. Such a failure is considered as a confession that sufficient funds were held by it to satisfy the judgment against Strickland and moreover this pro confesso judgment is effective from the date of service of the interrogatories,, which was on March 5, 1951. See C.P. art. 246, which reads as follows: “The property and effects in the possession of a third person, belonging to the defendant, or debts * * * to such defendant, shall -be decreed to be levied as by the sheriff, from the date of the service of the interrogatories on such persons.” (Emphasis supplied.)
To summarize, we conclude that the pro confesso judgment was effective against the Department on March 5, 1951, seven days before Strickland’s adjudication in bankruptcy. We are of the opinion that this judgment was not rendered void by the bankruptcy proceeding, but was voidable only in a proper proceeding, as held in the Simmons case. Furthermore, by virtue of this judgment the Department became the judgment debtor of the plaintiff in this case and its liability arising thereunder cannot be affected by Strickland’s bankruptcy judgment.
The Department contends further that the judgment is null because it was taken against an agency of the State without the statutory permission required by Article III, Section 35 of the Constitution of 1921. This argument is without merit. Prior to 1942 the “money due for the salary of a public officer” was included among the exemptions from legal process enumerated in C.P. Articles 644 and 647. Acts Nos. 188 and 189 of 1942, however, respectively amended these articles so that the wages of public officers and employees were subjected to seizure and garnishment. The conclusion is inescapable, therefore, that by virtue of the two acts mentioned the State has waived its immunity to suit and also as to such judgments and orders as are contemplated in carrying out the provisions of our law applicable to garnishments, including C.P. Article 263.
For the reasons assigned the judgment appealed from is affirmed.