JANVIER, Judge.
Plaintiff, Victor Jones, a judgment debt- or, seeks to prevent by injunction the sale under a fieri facias of certain household and domestic appliances, and the defendant, Emblem, Inc., and the Constable of the First City Court of New Orleans have appealed from a judgment granting the injunction.
The facts are not in dispute and the controversy arises over a question which is presented by a certain section of the Bankruptcy Act of the United States, the particular section with which we are concerned being 67 sub. a(l), 11 U.S.C.A. § 107, sub. a(l). That section reads as follows:
“(1) Every lien against the property of a person obtained by attachment, judgment, levy, or other legal or equitable process or proceedings within four months before the filing of a petition in bankruptcy or of an original petition under chapters 10, 11, 12 or 13 of this title by or against such person shall be deemed null and void (a) if at the time when such lien was obtained such person was insolvent or (b) if such lien was sought and permitted in fraud of the provisions of this title: Provided, however, That if such person is not finally adjudged a bankrupt in any proceeding under this title and if no arrangement or plan is proposed and confirmed, such lien shall be deemed reinstated with the same effect as if it had not been nullified and avoided.”
The facts are as follows: On November 16, 1954, the present appellant, Emblem, Inc., as plaintiff, obtained a final judgment in the sum of $310.76 against the present plaintiff in injunction, Victor Jones. On March 21, 1957, Emblem, Inc., in the suit in which it had obtained the judgment against Jones provoked the issuance of a writ of fieri facias, and, under it, caused the seizure, by the Constable of the First City Court, of the personal property which is herein involved.
On April 8, 1957, Jones, in the United States District Court for the Eastern District of Louisiana, filed a petition praying for an adjudication in bankruptcy. In that bankruptcy proceeding the referee found no need for an administration and disclaimed “all right, title and interest to and into all of the household furniture therein involved.”
By reference to the dates which we have already shown, it appears that the lien, resulting from the seizure under the writ of fieri facias, was acquired only 18 days before the filing of the petition in bankruptcy, thus well within the four month period preceding the filing of the petition in bankruptcy.
Since the lien resulted only from the seizure, it was within the contemplation of the Bankruptcy Act, and since, it is conceded that at the time of the seizure Jones was insolvent, the lien, as a result of the first proviso, could be “deemed null and void” since, “at the time such lien was • obtained, such person (Jones) was insolvent.”
If the lien became null and void as a result of the mere filing of the petition in *483 bankruptcy without the necessity of any action by the referee or the trustee, obviously there could be no further proceeding as a result of the writ of fieri facias; in other words, no Constable’s sale could be held as a result of the judgment in the former suit against Jones, and, since the debt on which that seizure was based was shown on the bankrupt’s schedules, the discharge in bankruptcy of Jones released him from any obligation to Emblem, Inc.
However, Emblem, Inc., and the Constable herein contend that, although the quoted portion of section 67, subdivision a of the Bankruptcy Act seems to provide that, as a result of the mere filing of the petition in bankruptcy, such a lien as is here involved by that fact alone becomes null, as a matter of fact that provision really means and has been held to mean that such a lien is merely voidable and that if it is to be annulled there must be in the bankruptcy proceeding or in some other appropriate proceeding some action seeking to accomplish that result. It is contended that since not only was there no such action here, and since the referee in behalf of the bankrupt’s estate disclaimed any interest in the property, the lien resulting from the seizure was not nullified, remained in full force and effect and that* therefore the sale of the property under-, the writ of fieri facias may be proceeded with.
However, counsel for Jones points to the last section of the above quoted provision which we now repeat:
“ * * * Provided, however, That if such person is not finally adjudged a bankrupt in any proceeding under this title and if no arrangement or plan is proposed and confirmed, such lien shall be deemed reinstated with the same effect as if it had not been nullified and avoided.”
Counsel says that, as a result of this provision, it necessarily follows that it is only where there is no final adjudication in bankruptcy that such a lien as this becomes reinstated and is as effective as if it had never been nullified and avoided.
The entire question then is whether or not such a lien is nullified automatically by the filing of the petition, or whether it is merely voidable and remains in full force and effect unless and until, in the bankruptcy or in some other appropriate proceeding, there is some action looking towards its nullification.
The Supreme Court of the United States in Fischer v. Pauline Oil & Gas Co., 309 U.S. 294, 60 S.Ct. 535, 84 L.Ed. 764, discussed this question and clearly held that there must be a proceeding of some kind on behalf of the bankrupt estate either in the bankruptcy proceeding or elsewhere looking to the nullification of such a lien as this.
While the facts of that case were somewhat complicated, the Supreme Court clearly held that whether such a lien is annulled by the mere filing of the petition in bankruptcy is a question which must be judicially determined. It is true that that decision was rendered prior to the enactment of the amendment with which we are now concerned, but in spite of the very able argument of counsel for Jones, we are unable to see that there is any distinction between the earlier statute and the one which is now involved.
Before the amendment with which we are concerned, the Bankruptcy Act, section 67, sub. f, as the Supreme Court said in the Fischer case [309 U.S. 294, 60 S.Ct. 539], “unequivocally declares that the lien shall be deemed null and void * * Referring to' this language the Supreme Court said that:
“The question is whether the state court was right in holding that, by force of § 67, sub. f, the adjudication in bankruptcy automatically discharged the lien of the levy, irrespective of any action on the part of the trustee. sfe s|< íjí ff
*484 The contention was that, as a result of the mere adjudication in bankruptcy, “the lien was absolutely void.” The Court said that the lien was not automatically nullified and made void since there were certain specified conditions as a result of which nullity of the lien might be accomplished. And the Court said:
“ * * * • These conditions create issues of fact which, as between the trustee, or one claiming under him, and the lienor, or one claiming by virtue of the lien, the parties are entitled to have determined judicially.”
The Circuit Court of Appeal for the First Circuit (Louisiana), in Morris Lake & Son v. Strickland, La.App., 55 So.2d 51, considered a situation quite similar and held that such a lien is voidable only. Our Brothers of the First Circuit in that case quoted with approval from a decision of the Supreme Court of Georgia, Morris Plan Bank of Georgia v. Simmons, 201 Ga. 157, 39 S.E.2d 166, in which that Court said [55 So.2d 54] :
“ ‘One thing is now clear, and that is, the filing of a petition in bankruptcy followed by an adjudication does not automatically annul liens obtained within four months, so as to make them subject to collateral attack; and furthermore, such a lien may be avoided only at the instance of the trustee in bankruptcy acting for the benefit of creditors, or by some other person having a right as against it, under the Bankruptcy Act. * * t- ’ ”
Counsel for Jones contends that the case at bar may be distinguished from those cases as in each there were different facts involved. We think that the principle of law which was involved in each was identical with that which confronts us and we agree with the conclusion reached by our Brothers of the First Circuit and by the Supreme Court of Georgia and would not have the temerity to disagree with the conclusion reached by the Supreme Court of the United States even if we entertained a contrary opinion.
The facts in Morris Plan Bank of Georgia v. Simmons, supra, which our Brothers of the First Circuit cited with approval, are remarkably similar in essential features to those which are presented here. There, five days before the filing of the voluntary petition in bankruptcy a garnishment proceeding was initiated by creditors of the bankrupt and under it there was created in favor of the creditors a lien on certain assets of the bankrupt. The Trustee made no effort to “avoid” the effect of the lien and the garnishees filed a petition seeking to set aside the judgment against them as garnishees.
The Court said that “the lien of the garnishment might have been avoided in an appropriate proceeding by the trustee in bankruptcy acting in the interests of creditors * * *,” [201 Ga. 157, 39 S.E.2d 173] but held that the lien could not be avoided in an action brought by the garnishees.
Counsel for Jones bases his attempt to distinguish this case on two facts: (1) That the attempt to avoid the effect of the lien was made by debtors of the bankrupt and not by creditors, and (2) on the ground that the garnishee himself made no effort to avoid the effect of the lien. Counsel says that here it is the bankrupt who is complaining and who is attempting to set aside the effect of the lien.
A reading of the decision in the Georgia case indicates very plainly that the real reason for that decision was the fact, as the Court said, that
“it does not appear that the debt owed to him (the bankrupt) by garnishees was set apart to him as an exemption.” (brackets ours)
We think that a most remarkable result would be accomplished in a situation such as is presented here, where the bankrupt estate takes the position that the particular assets are so heavily involved that the es *485 tate has no interest in them; if, as a result of that action the property would not then be subjected to the involvement referred to but would be freed therefrom and would revert to the bankrupt himself. We cannot countenance such a result.
Our conclusion is that the injunction should not have been granted.
Accordingly, the judgment appealed from is annulled, avoided and reversed and the suit of plaintiff is dismissed at his cost.
Reversed.