CHRIS T. BARNETTE, Judge pro tem.
This is an appeal from a suit against the Recorder of Mortgages and King for Toys, Inc., seeking a writ of mandamus to compel the cancellation of the inscription of a judgment which was recorded in the office of the Recorder of Mortgages for the Parish of Orleans in mortgage office hook 1999, folio 469.
, The facts of the case are not at issue and may be stated briefly. King for Toys, Inc., obtained a judgment in the Civil District Court for the Parish of Orleans in the matter entitled “King for Toys, Inc. v. Leon Marks,” bearing the docket number 394 — 157 of the Civil District Court. That judgment was recorded on October 10, 1961, in the office of the Recorder of Mortgages for the Parish of Orleans, in mortgage office book 1999, folio 469.
On October 13, 1961, Leon Marks filed a petition in bankruptcy in the United States District Court for the Eastern District of Louisiana, which proceeding bears docket number 11373 in bankruptcy. The bankruptcy petition included as an asset a piece of real property at 318-14th Street, New Orleans, Louisiana, which was disclaimed by the trustee in bankruptcy and which is still owned by Leon Marks, the bankrupt.
Leon Marks also owned a piece of property designated by municipal numbers 2017, 2023, and 2025 Valmont Street, New Orleans, Louisiana. This Valmont Street property had been seized, prior to the filing of the bankruptcy petition, under executory process in suit number 392-866 on the docket of the Civil District Court for the Parish of Orleans, which suit entitled “Manuel Breen v. Leon Marks” was filed on July 21, 1961. On November 7, 1961, the property was adjudicated to the seizing creditor, Manuel Breen, at a sheriff’s sale.
On December 27, 1962, subsequent to the discharge in bankruptcy of Leon Marks, the Valmont Street property was sold by Manuel Breen to Dorothy Breen, wife of Leon Marks.
On October 29, 1964, by act of sale before Richard E. Batt, Notary Public, Dorothy Breen, wife of Leon Marks, sold the Valmont Street property to a third party. The notary public found the inscription of the judgment in favor of King for Toys, Inc., on certificates ordered by him, whereupon he withheld from the proceeds of the sale sufficient funds to pay the judgment
The trial court rendered a judgment in favor of petitioner directing the Recorder of Mortgages for the Parish of Orleans to cancel and erase the judgment inscribed in mortgage office book 1999, folio 469, in favor of King for Toys, Inc., and against Leon Marks, which was recorded on October 10, 1961. It was further ordered that the funds deposited in the registry of the court by Richard Batt, Notary Public, be delivered by the clerk of court to the order of Dorothy Breen Marks.
Petitioner has based a request for a mandamus to cancel the inscription of the judgment on § 67, sub. a of the Bankruptcy Act (11 U.S.C.A. § 107, sub. a [1] ), which provides:
“Every lien against the property of a person obtained by atttachment, judgment, levy, or other legal or equitable process or proceedings within four months before the filing of a petition initiating a proceeding under this title by or against such person shall be deemed null and void (a) if at the time when such lien was obtained such per *162 son was insolvent or (b) if such lien was sought and permitted in fraud of the provisions of this title: Provided, however, That if such person is not finally adjudged a bankrupt in any proceeding under this title and if no arrangement or plan is proposed and confirmed, such lien shall be deemed reinstated with the same effect as if it had not been nullified and voided.”
A lien which falls under the coverage of § 67 is not automatically annulled by the filing of a petition in bankruptcy followed by an adjudication; it is only voidable. Fischer v. Pauline Oil & Gas Co., 309 U.S. 294, 60 S.Ct. 535, 84 L.Ed. 764 (1940); Jones v. Emblem, Inc., 106 So.2d 481 (La.App.Orleans 1958); Morris Lake & Son v. Strickland, 55 So.2d 51 (La.App. 1st Cir. 1951). This rule is well stated in 8A C.J.S. Bankruptcy § 245a.(l), at pages 300-301:
“ * * * While the Bankruptcy Act, in specifying the effect that an adjudication of bankruptcy will have on a lien, expressly states that it is ‘null and void,’ these words have been the source of some confusion; but there is now general agreement that an adjudication in bankruptcy does not automatically void a lien; the lien becomes voidable if the proper and necessary steps are taken, and thus the filing of a petition in bankruptcy does not automatically annul liens obtained within four months so as to make them subject to collateral attack.”
The bankrupt has attempted to have a lien voided under the authority of the provisions of § 67, sub. a. We do not think the law supports his plea in this case. We quote 8A C.J.S. Bankruptcy § 245b., at pages 308-309:
“While the general rule stated supra subdivision a of this section is that under the Bankruptcy Act liens obtained by legal or equitable process or proceedings within four months before the filing of a petition in bankruptcy are voidable, they are not voidable as against all the world, or as to other lienors or third parties; but they are voidable only as against the trustee in bankruptcy and those claiming through or under him, and these provisions generally may be availed of by the trustee only, for the benefit of the bankrupt estate, or by some other person having a right against it under the Bankruptcy Act.
“Such a lien is not dissolved by an adjudication in bankruptcy, where a trustee in bankruptcy has not been appointed; and, moreover, the provision of the Bankruptcy Act invalidating a bond given to dissolve such a lien, within the four-month period, confers no right on the bankrupt to assert the invalidity of the lien, but vests that right solely in the trustee. Further, such a lien is not avoided, under these provisions, as against the bankrupt himself or his assignee, even though the trustee has not asserted title to the bankrupt’s property; nor can the bankrupt alone invoke a judgment annulling a lien so obtained, except that in states in which the adjudication in bankruptcy does not dissolve the lien if the property involved is exempt therefrom, see infra § 249, the lien may be attacked by the bankrupt if the property is exempt from such lien. It has been held that a third person questioning the right of an attaching creditor may attack his lien on the ground that it was acquired within the four-month period.”
If the lien is not voided by the trustee (or by some other person having a right as against it, under the Bankruptcy Act), it remains in full force and effect in rem although not in personam. Henry v. Roque, 18 So.2d 917 (La.App.2d Cir. 1944). The bankrupt in the present case has no authority to assert the right granted by § 67, sub. a. Fischer v. Pauline Oil & Gas Co., supra; Connell v. Walker, 291 U.S. 1, 54 S.Ct. 257, *163 78 L.Ed. 613 (1934); Jones v. Emblem, Inc., supra; Morris Lake & Son v. Strickland, supra. Therefore, the judicial mortgage remains on property owned by the bankrupt at the time of his discharge in bankruptcy.
The next question is: Is property acquired by the judgment debtors after the discharge in bankruptcy affected by the judicial mortgage? We quote with approval from 34 Tul.L.Rev. at page 776:
“ * * * the Louisiana Supreme Court has indicated in dicta that a discharge in bankruptcy will vitiate the future effects of a judicial mortgage, to the extent that it will not attach to property subsequently acquired by the judgment debtor.[64] Furthermore, the United States Supreme Court, interpreting Louisiana law, has held that a wife’s legal mortgage on her husband’s estate cannot attach to land acquired by him after his discharge in bankruptcy, since the liability secured by the legal mortgage is extinguished.[65] It is reasonable to assume that this holding is applicable by analogy to judicial mortgages.”
161 (La.App.1943), the court said in dicta that if the homestead (set apart at the time of adjudication in bankruptcy but on which part of the purchase price was still due) in the future should become subject to execution under the judgment, ‘the defendant [could] protect himself by claiming out of the proceeds of the sale of the property all amounts which he paid thereon out of funds earned by him after his adjudication in bankruptcy.’ (Emphasis added.)
In the case of Henry v. Roque, supra, the Court said 18 So.2d at page 920:
“ ‘A discharge in bankruptcy, without any question, does discharge or bar the collection of all debts within the purview of what is designated as provable debts against the bankrupt. If the discharge be recorded in the mortgage records, it would be notice that the personal liability of any provable debt, reduced to judgment and recorded, was released or barred by the discharge, but not any lien or judicial mortgage created thereby. But, so long as the lien or judgment operates against property of the debtor, the judgment creditor clearly has a right to keep his judgment alive to the extent of the lien against such property, as well as for any other right of such creditor, if any, by reason of its existence. And if, and when the judgment be revived, the creditor should thereafter seek to subject any property not affected by the lien or judgment, or not in the hands of the court, or not otherwise subject thereto, to the payment of the judgment, then the bankrupt would have such right as his discharge under the bankrupt law gives, and he could invoke the discharge as a bar to such attempt’ ”
*164 In Jaubert Bros. v. Landry, 15 So.2d 158 (La.App.lst Cír. 1943), in affirming the trial court’s judgment, the Court said at page 160:
“There was judgment below reviving the judgment against Lindsey J. Landry to have full force and effect from March 5, 1943, with a clause therein to the effect that the judgment shall be in rem and have force and effect only against property owned by the defendant on and prior to his adjudication in bankruptcy which has or might be exempted to him by the bankruptcy court * * * ”
The Court also said:
“ * * * The judgment creditor has a right to keep the judgment alive in order that he might preserve his judicial mortgage against any property the judgment debtor owned at the time of his adjudication and set apart to him as a homestead. * * * ”
It is the opinion of this Court that the judgment of the trial court ordering the Recorder of Mortgages for the Parish of Orleans to cancel and erase from the records “that certain judgment inscribed in Mortgage Office Book 1999, Folio 469, which said judgment is in favor of King for Toys, Inc. and against Leon Marks and bears Docket No. 394 — 157 of the docket of the Civil District Court in and for the Parish of Orleans and which said judgment was recorded on October 10, 1961 * *” should be reversed.
We are of the further opinion, in view of our finding that the judicial mortgage does not affect property acquired by the judgment debtor after his discharge in bankruptcy, that the trial court’s judgment ordering “the funds deposited into the registry of the court in these proceedings by Richard Batt, Notary Public, be delivered by said Clerk of Court to the order to [sic] Dorothy Breen Marks * * ” should be affirmed.
For the reasons contained herein the judgment appealed from is affirmed insofar as it orders the clerk of court to deliver to the order of Dorothy Breen Marks the funds deposited in the registry of the court by Richard Batt, Notary Public, and is reversed insofar as it orders the Recorder of Mortgages for the Parish of Orleans to erase the above-described judgment Costs are to be paid one-half by appellant and one-half by appellee.
Affirmed in part; reversed in part.

“64 Interpreting Art. 3411(4), La. Civil Code of 1870 (mortgage extinguished by extinction of the debt it secures), the court in Schexnailder v. Fontenot, 147 La. 467, 477, 85 So. 207, 211 (1920), said: ‘The personal release of the debtor would in no sense, from the creditor’s standpoint, discharge the debt, though it would operate as a bar to the further pursuit of the debtor personally, or his future property’ (emphasis added). On rehearing, this judgment was reinstated and made final, but Monroe, C. J. said: ‘The reasonable interpretation, then, is that in preserving the lien the statute preserves the claim from which it springs to the extent necessary to make the lien effective.’ Id. at 479, 85 So. at 211. In Jaubert Bros. v. Landry, 15 So.2d 158,

“65 Fleitas v. Richardson, 147 U.S. 550, [13 S.Ct. 495, 37 L.Ed. 276] (1892).”