CHASEZ, Judge.
This is an action for an alternative writ of mandamus directed to the Clerk of Court as Ex-Officio Recorder of Mortgages of Jefferson Parish to cancel and erase from the mortgage records the inscription of a moneyed judgment in favor of defendant, Mack Trucks, Inc., and also praying for a declaratory judgment decreeing that the judicial mortgage is unenforceable, null and void. The facts and evidence in this case are chiefly documentary and may be summarized in chronological sequence, as follows:
The plaintiff and his wife, on June 21, 1960, purchased Lots 23 and 24 of Square 32, Morningside Park Subdivision from Mr. and Mrs. Robert Harrison. This sale was recorded in the conveyance office of Jefferson Parish. On June 30, 1960, they executed a counter letter, by notarial act, acknowledging the fact that Mr. Bruce Nils Iiemstad was the owner of the property and obligated themselves to convey title to him when requested to do so. This counter letter was not immediately recorded in the conveyance or mortgage records. On September 28, 1960, the defendant, Mack Trucks, Inc., obtained a deficiency judgment against the plaintiff in the sum of $6,653.19, together with interest and attorney’s fees. This judgment was recorded in the mortgage office of Jefferson Parish on October 5, 1960. There is no doubt, under the doctrine of McDuffie v. Walker, 125 La. 152, 51 So. 100 (1909) and the case of State ex rel. Hebert v. Recorder of Mortgages, 175 La. 94, 143 So. 15 (1932), the recorded judgment created a judicial mortgage on the property heretofore mentioned. LSA-C.C. art. 2239 provides that counter letters can have no effect against creditors or bona fide purchasers. The. word “creditors” in the Hebert case was construed as meaning the creditors of the party executing the counter letter and in whose name the property is registered. Therefore, the unrecorded counter letter had no effect and the recordation of the judgment created a judicial mortgage on the property which was in the name of the plaintiff, although the counter letter had been executed obliging him to convey to Plemstad upon request.
On November 14, 1960, the counter letter above referred to was recorded in the conveyance records of Jefferson Parish. It should be pointed out again that the counter letter was recorded subsequent to the rec-ordation of the judgment.
On November 15, 1960, the plaintiff filed a voluntary petition in the Bankruptcy Court and was adjudged a bankrupt on November 16, 1960. During the course of the bankruptcy proceedings the trustee abandoned the Morningside Park Subdivision lots and filed a disclaimer of the property in the record. The reason for the disclaimer, given by the trustee on the trial of this case, was the existence of the recorded counter letter. Mack Trucks, Inc., filed a proof of claim as an or dinary creditor in the bankruptcy proceedings and participated in the disbursement of the bankrupt estate as an unsecured creditor. Plaintiff was discharged as a bankrupt on July 6, 1961. On October 4, 1961, title to the Morningside Park Subdivision property was transferred, pursuant to the counter letter, by plaintiff to Mr. Hemstad.
Plaintiff contends that he has the right to bring this action to have the mortgage or judgment cancelled and erased from the public records and declared null and void. His theories are: (1) that the judgment was recorded and the judicial mortgage attached within four months of the filing of the bankruptcy petition and under Section 67, sub. a of the National Bankruptcy Act, the judicial mortgage is null and void; (2) that Mack Trucks, Inc., has waived its security by participating in the bankrupt estate as an unsecured creditor. The trial court rendered judgment in favor of plaintiff. From this judgment the defendant appeals.
The appeal taken herein was perfected on December 16, 1964. A supplemental *167 record was filed on December 23, 1964, and in this court the defendant, Mack Trucks, Inc., filed a peremptory exception of no right of action on the 9th day of February, 1965, contending that plaintiff is sans interest which would authorize him to institute and pursue this action under LSA-C.C.P. art. 681.
We think that this exception is we(ll founded for the following reasons: It is clear that plaintiff has no interest in the Morningside Park Subdivision property since the date of recordation of the counter letter and/or the date he executed the deed conveying title to Mr. Hemstad, which deed was executed on October 4, 1961, prior to the institution of this suit, and was done pursuant to the counter letter. Consequently, it would follow that plaintiff has no interest in having the judicial mortgage cancelled insofar as it affects the Morning-side Park Subdivision property. Plaintiff has not alleged that any other property is involved. If plaintiff had property to which the judicial mortgage could have attached prior to bankruptcy and was still the owner of it, he would have an interest in having the judicial mortgage removed. This, however, is not the case.
Plaintiff argues that the removal of the judicial mortgage would clear the record for any property he woud subsequently purchase. However, the law is that although the judicial mortgage stays on the record after the discharge in bankruptcy, it will not attach to property acquired by the bankrupt subsequent to his discharge.
In the case of Henry v. Roque, La.App., 18 So.2d 917, at page 920 (La.App.1944), the court stated:
“A discharge in bankruptcy, without any question, does discharge or bar the collection of all debts within the purview of what is designated as provable debts against the bankrupt. If the discharge be recorded in the mortgage records, it would be notice that the personal liability of an}? provable debt, reduced to judgment and recorded, was released or barred by the discharge, but not any lien or judicial mortgage created thereby. But, so long as the lien or judgment operates against property of the debtor, the judgment creditor clearly has a right to keep his judgment alive to the extent of the lien against such property, as well as for any other right of such creditor, if any, by reason of its existence. And if, and when the judgment be revived,' the creditor should thereafter seek to subject any property not affected by the lien or judgment, or not in the hands of the court, or not otherwise subject thereto, to the payment -of the judgment, then the bankrupt would have such right as his discharge under the bankrupt law gives, and he could invoke the discharge as a bar to such attempt.”
At 34 T.L.R. 776, it is stated:
“ * * * the Louisiana Supreme Court has indicated in dicta that a discharge in bankruptcy will vitiate the future effects of a judicial mortgage, to the extent that it will not attach to property subsequently acquired by the judgment debtor. * * * ”
See Schexnailder v. Fontenot, 147 La. 467, 85 So. 207 (1920); Jaubert Bros. v. Landry, 15 So.2d 158 (La.App.1943).
Our holding in the case of Marks v. Demarest, Recorder of Mortgages and King for Toys, Inc., La.App., 174 So.2d 160, handed down this day, is to the same effect. Therefore, plaintiff does not have an interest under this theory.
It is likewise clear that the bankruptcy proceedings discharged the plaintiff and he is not personally bound on the debt, although the lien may remain on the property. (See authorities cited supra). He, therefore, is not personally obligated to pay the judicial mortgage and the only liability which remains is in rem. Plaintiff cannot be affected by the in rem liability *168 since lie owns no property encumbered by the judicial mortgage.
Plaintiff further argues that he has a right of action under Section 67 sub. a of the Bankruptcy Act to have the judgment declared null and void and since the owner of the property cannot assert this action, he must be a proper plaintiff in this suit. However, the bankrupt has no authority to assert the right granted by Section 67 sub. a for it is reserved to the trustee and those claiming under him. Henry v. Roque, supra; Fischer v. Pauline Oil & Gas Co., 309 U.S. 294, 60 S.Ct. 535, 84 L.Ed. 764 (1940); Connell v. Walker, 291 U.S. 1, 54 S.Ct. 257, 78 L.Ed. 613 (1934); Jones v. Emblem, Inc., 106 So.2d 481 (La.App.1958); Morris Lake & Son v. Strickland, 55 So.2d 51 (La.App.1951); Marks v. Demarest, Recorder of Mortgages and King for Toys, Inc., hereinabove referred to.
We are, likewise, of the opinion that plaintiff cannot entertain an action for declaratory judgment Under LSA-C.C.P. art. 1876 the court may refuse to entertain a declaratory judgment where it would not terminate the controversy. As heretofore pointed out, the actual controversy is between the owner of the property, Mr. Hem-stad, and the defendant, Mack Trucks, Inc., and such controversy cannot be determined in this litigation. Plaintiff, therefore, is not entitled to a declaratory judgment for he has no interest in the decree.
We, therefore, conclude that since plaintiff has no interest in property which the judicial mortgage may affect; is not personally bound on the debt or judicial mortgage; and since it cannot affect property purchased after his adjudication in bankruptcy, he has no actual interest within LSA-C.C.P. art. 681 and the exception of no right of action should be and is maintained.
It is therefore ordered, adjudged and decreed that the judgment of the lower court making peremptory the writ cf mandamus in favor of plaintiff, Britton M. Huff, and against the defendant, Mack Trucks, Inc., is reversed, annulled and set aside and plaintiff’s action is dismissed. All costs in this proceeding shall be borne by plaintiff, Britton M. Huff.
Reversed, annulled and set aside.