BOLIN, Judge.
By this appeal plaintiff seeks reversal of the lower court’s judgment directing cancellation of a judgment obtained by it against defendant on May 23, 1962.
After recordation of its judgment appellant filed garnishment proceedings against the employer of defendant’s wife. The answers of the garnishee filed June 19, 1964, reflected Mrs. Brewer was indebted to her employer for some $1600. No judgment against the garnishee was ever entered, and no further action was taken by plaintiff to collect the judgment from the garnishee. As a consequence the garnishment proceeding is not before us.
On October 1, 1965, Charles E. Brewer,: the judgment debtor, was adjudicated a voluntary bankrupt and was granted a discharge in bankruptcy on November 22, 1965. The debt in question was listed on the bankruptcy schedule of the debtor.
The only question before this court is what effect a discharge in bankruptcy has on a judicial mortgage resulting from the recordation of a money judgment obtained more than four months prior to the discharge.
While a discharge in bankruptcy does have the effect of discharging the bankrupt from personal liability, it does not destroy a judicial mortgage obtained more than four months prior to the discharge affecting immovable property owned by the bankrupt and set apart as a homestead. Schexnailder v. Fontenot, Sheriff et al, 147 La. 467, 85 So. 207 (1920); Jaubert Bros. v. Landry (La.App. 1 Cir., 1943) 15 So.2d 158; Henry v. Roque (La.App., 2 Cir., 1944) 18 So.2d 917.
While the record does not show the debtor owned property designated as a homestead and set aside as exempt in the bankruptcy proceeding, this seems to be conceded in briefs filed before this court. If the creditor should seek to subject any property not affected by the lien or judgment, or not otherwise subject thereto, to the payment of the judgment, then the bankrupt would have such right as his discharge under the bankruptcy law gives, and he could invoke the discharge as a bar to such attempt.
For the foregoing reasons the decree of the lower court, ordering cancellation of and erasure from the records of the judgment of May 23, 1962, is reversed, annulled and set aside. All costs are to be paid by defendant-appellee.
Reversed.