SARTAIN, Judge.
Plaintiff filed a rule to show cause seeking the cancellation of the inscription of a judicial mortgage which resulted from a judgment against plaintiff Kayda and in favor of LaSalle Mortgage & Service Corporation obtained and recorded about two months prior to plaintiff’s adjudication as a bankrupt. Mr. Perry M. Johnson is the Clerk of Court and ex officio Recorder of Mortgages for the Parish of East Baton Rouge.
The judgment was obtained on June 23, 1964, and duly recorded. The plaintiff was adjudicated a bankrupt on August 21, 1964, and regularly discharged from his dis-chargeable obligations on April 22, 1965.
At all pertinent times, plaintiff was and still is the owner of Lot Seven (7), Atlasta Place, with improvements, in the City of Baton Rouge. That property was set apart and disclaimed by the trustee in bankruptcy to the plaintiff on September 24, 1964, as exempt property under La.Const. Art. XI, Section 1, the homestead exemption law.
*710 This suit is brought under the provisions of L.R.S. 9:5166, enacted as Acts 1970, No. 588, which reads as follows:
“§ 5166. Cancellation of judgments; discharge in bankruptcy; rule to show cause
Upon rule to show cause by an interested party against the clerk of court and ex officio recorder of mortgages of the several parishes and the recorder of mortgages for the parish of Orleans, the judgment creditor and a judgment debt- or discharged in bankruptcy, the court shall order the cancellation of the inscription of any dischargeable judgment rendered twelve months previously unless the judgment creditor can prove that he continues to possess a secured interest in the property affected by such judgment, or any judgment rendered in a tort proceeding wherein the judgment debt- or’s liability arose out of his wilful negligence, or any judgment for taxes due or any other judgment otherwise not discharged in bankruptcy.”
Prior to this act the jurisprudence was consistent in holding that a prior judicial mortgage remains on the mortgage records and may continue to affect property owned by the debtor prior to his bankruptcy even though the property was disclaimed to him under the homestead exemption. The judicial mortgage could not be enforced against the debtor personally but was an in rem obligation against the property owned by him at the time of his adjudication as a bankrupt. If at the time of the bankruptcy the judgment debtor’s equity in the property was equal to or less than the $4,000.00 exemption, the debtor could apply to the state court and have the judicial mortgage cancelled insofar as it affected the debtor’s homestead as having been a debt properly discharged in bankruptcy. Jaubert Bros., Inc. v. Landry, 15 So.2d 158 (1st La.App., 1943); Marks v. Demarest, 174 So.2d 160 (4th La.App., 1965). However, the burden was on the debtor to prove that his prior equity was entirely exempt and that any subsequent equity above the amount of the exemption was the result of his earnings or property acquired subsequent to bankruptcy. Jaubert Bros., Inc., supra and Marks, supra. See United States Fidelity & Guaranty Co. v. Ballard, 250 So.2d 217 (1st La.App., 1971) expressing the same view although the above statute was not considered.
Appellant contends that the trial judge erred in placing the burden on the plaintiff to prove what his equity had been in the subject property, rather than on the judicial mortgagee, in view of L.R.S. 9:5166.
We must agree with appellant’s contention. The 1970 Act created a new procedure for the cancellation of inscriptions by rule and provided for the necessary parties, the burden of proof and certain exceptions based upon the nature of the debt on which the judgment is based.
The rule was filed subsequent to the effective date of Act 588 of 1970 and must be controlled by the provisions of that statute. The burden of proving a continued secured interest in property affected by a judgment clearly rests with the judgment creditor.
In the record before us, there is no evidence submitted on behalf of LaSalle Mortgage and Service Corporation to prove its secured interest in the subject property. However, it is not clear whether the trial judge provided an opportunity for the introduction of such evidence at the hearing on the rule and we were not favored with written reasons for the court’s recalling and vacating the rule. For the same reasons, we do not know whether the trial judge considered that the provisions of L.R.S. 9:5166 were applicable to this proceeding but the result, together with the absence of proof in the record on behalf of LaSalle Mortgage and Service Corporation, indicates that the court did not apply that statute.
For the above and foregoing reasons, this cause is remanded for a trial on the *711 rule in accordance with L.R.S. 9:5166. The costs of this appeal are to be borne by LaSalle Mortgage and Service Corporation. All other costs are to await a final determination on the merits of plaintiff’s rule.
Reversed and remanded.
LANDRY, J., recused.