SARTAIN, Judge
(concurring).
I concur in the majority ruling herein but feel compelled to clarify certain statements made by this court, in an opinion authored by this writer, when this matter was originally before us. See Kayda v. Johnson, 252 So.2d 708 (1st Cir. 1971). There we said, at page 710:
“Prior to this act the jurisprudence was consistent in holding that a prior judicial mortgage remains on the mortgage records and may continue to affect property owned by the debtor prior to his bankruptcy even though the property was disclaimed to him under the homestead exemption. The judicial mortgage could not be enforced against the debtor personally but was an in rem obligation against the property owned by him at the time of his adjudication as a bankrupt. If at the time of-the bankruptcy the judgment debtor’s equity in the property was equal to or less than the $4,-000.00 exemption, the debtor could apply to the state court and have the judicial mortgage canceled insofar as it affected the debtor’s homestead as having been a debt properly discharged in bankruptcy. Jaubert Bros., Inc. v. Landry, 15 So.2d 158 (1st La.App., 1943); Marks v. Demarest, 174 So.2d 160 (4th La.App., 1965). However, the burden was on the debtor to prove that his prior equity was entirely exempt and that any subsequent equity above the amount of the exemption was the result of his earnings of property acquired subsequent to bankruptcy. Jaubert Bros., Inc., supra and Marks, supra. See United States Fidelity & Guaranty Co. v. Ballard, 250 So.2d 217 (1st La.App., 1971) expressing the same view although the above statute was not considered.” (Emphasis added.)
Upon reconsideration, it appears that this dicta was inaccurate in certain respects, as we are now persuaded that the cited cases do not hold that a judgment debtor could apply to the State Court for cancellation of a judicial mortgage affecting the debtor’s homestead where the debtor had equity equal to or less than the $4,000.00 homestead exemption at the time of the adjudication of bankruptcy.
In Jaubert, this statement is made at page 161 of 15 So.2d:
“ . . . If at the time of the adjudication in bankruptcy, this homestead was worth considerably more than the balance of the purchase price, this excess would be property owned by the defendant at the time of the adjudication and subject to the mortgage resulting from the recordation of the judgment, and the property could be released from the judicial mortgage by the payment or tender of this excess in value. If, on the contrary, the defendant had shown in this proceeding or can show in an appropriate proceeding taken against the judgment creditor, that at the time of the adjudication the property set apart to him as a homestead was worth no more than the balance due on the purchase price, he could have the homestead declared free from the judicial mortgage resulting from the recordation of the judgment. And in case the homestead should ever become subject to execution under the judgment, the defendant can protect himself by claiming out of the proceeds of the sale of the property all amounts which he paid thereon out of funds earned by him after his adjudication in bankruptcy.”
Therefore, as far as the mortgage cancellation is concerned, that case holds only, and properly so, that a judgment debtor could successfully apply to the State Court for the removal of the judicial mortgage *176 only when he was able to show that, at the time of the adjudication in bankruptcy, the homestead was, in actuality, worth no more than the remaining balance on the purchase price; that is, that he had no “equity” in the property. Absent this showing by the debtor, the judgment creditor was entitled to the continuation of the mortgage, as any “equity” accrued by the debtor in the property at the time of its adjudication, even though presently exempted as homestead, could, at some future time, be released from that exemption and the obligation satisfied. The future satisfaction of the mortgage could only be had, of course, out of “equity” accrued prior to the adjudication in bankruptcy, as any interest built up after that adjudication was free from seizure.
A re-examination of this matter also indicates that Marks v. Demarest, supra, also does not stand for the proposition originally cited.