REGAN, Judge.
This suit was filed by the plaintiff, William F. Schenker, against the defendant, Francis Demarest, recorder of mortgages for the Parish of Orleans, endeavoring to erase from the records thereof three judgments which were recorded against the plaintiff prior to his filing a petition for bankruptcy in the United States District Court.
Moran & McGoey, Inc., the only one of the three judgment creditors who was served and therefore affected by the foregoing petition, appeared herein and simply pleaded the exceptions of no right or cause of action in which it insisted that the plaintiff possessed no right to have the judicial mortgage erased from the records.
After a hearing in the lower court, judgment was rendered in favor of the exceptor, Moran & McGoey, Inc., dismissing the plaintiff’s suit as to its recorded judgment. Subsequently, judgment was additionally rendered dismissing the plaintiff’s petition against the other two judgment creditors ostensibly for the same reason that judgment was rendered in favor of Moran & McGoey, Inc.
This very brief record discloses that the plaintiff was discharged in bankruptcy on July 23, 1962, by virtue of a judgment of the United States District Court for the Eastern District of Louisiana. The debts represented by the judgments recorded in the mortgage office were listed in the bankruptcy proceeding, and the plaintiff subsequently obtained a discharge therefrom. The record also discloses that at the time of the discharge in bankruptcy, the plaintiff possessed no assets upon which the recorded judgment could have any possible effect.[1]
Counsel for Moran & McGoey, Inc., contends that as a result of the rationale emanating from the cases of Marks v. Demarest[2] and Huff v. Justice [3] the plaintiff is not entitled to a cancellation of the inscription of the judgment recorded against him in the mortgage office. A cursory reading of these cases discloses that their rationale is simply not applicable to the particular facts hereof.
The law is clear to the effect that a discharge in bankruptcy acts as a bar to the personal liability of the bankrupt on all dischargeable obligations listed in his schedules. In some instances, the trustee will obtain permission from the referee in bankruptcy to disclaim from the bankrupt estate certain property which, because encumbered by mortgages, liens, or other obligations, is unworthy of administration and is not susceptible to liquidation for the benefit of the general unsecured creditors. In this class of cases," the creditor holding the mortgage or other security device is precluded from proceeding in personam against the bankrupt, but nevertheless may proceed in rem against the property subject to his mortgage or lien. Thus, the mere discharge of a person in bankruptcy does not in and of itself vitiate a recorded lien or judgment against the bankrupt.
In the Marks case, the facts reveal that the bankrupt therein owned property which was disclaimed by the trustee in bankruptcy and which could possibly have been affected by the judgment recorded against the bankrupt. Under these circumstances, the mere fact that the recorded judgment interfered with the sale of other property which was seized by executory process prior to the bankruptcy proceeding was not sufficient reason to justify erasure of the judgment, since to do so would be to the prejudice of the rights of the judgment creditor to the property which the bankrupt still owns, but which had been disclaimed in the bankruptcy proceeding.
*348 In the Huff case, it is quite clear that the rationale emanating therefrom encompasses the fact that the plaintiff did not have a right of action to obtain erasure of the judgment. It was recorded against the plaintiff before the recordation of a coun-terletter between the plaintiff and a third person showing that the third person was the actual owner of the property. The court in the Huff case concluded that upon recordation of the counterletter the plaintiff possessed no right to erase the mortgage and that the proper party plaintiff was the true owner of the property affected by the mortgage.
 In this case, the record indicates that the plaintiff possessed no property upon which the recorded judgments could have any effect. Under these circumstances, there exists no reason why the plaintiff should be subjected to the inconvenience and harassment resulting from the continued existence of the inscription of these judgments in the mortgage records. The Marks and Huff cases both make the rule exceptionally clear that the judgment can have no effect on any property acquired subsequent to the discharge in bankruptcy. Therefore, the judgments sought to be erased in this case presently encumber no property and can never encumber any property since they have no future application. In view of these facts, we are convinced that they should be erased from the mortgage records.
An analysis of this record discloses that not all of the judgment creditors were served in this proceeding so as to afford them an opportunity to intervene as defendants and to assert any interest which they may have in maintaining the inscription of these judgments. Moreover, Moran & McGoey, Inc., the cited judgment creditor, omitted to intervene herein, but merely appeared and pleaded the exceptions of no cause or right of action despite the fact that it had not made itself a party hereto.
In order to cure the foregoing irregularities, and in order to permit the plaintiff to again introduce into evidence certified copies of the bankruptcy petition together with the schedules attached thereto, the case will be remanded to the lower court.
For the foregoing reasons, the judgment of the lower court is annulled and set aside,, and the matter is remanded thereto for such additional proceedings, in conformity with the views expressed herein, as the nature of the case may ultimately require.
All costs incurred herein are to await a final determination hereof.
Annulled, set aside and remanded.

. The record shows that the bankruptcy schedules were introduced into evidence at the hearing in the court below. However, no such exhibit is contained in the record on appeal.

. La.App., 174 So.2d 160 (1965).

. La.App., 174 So.2d 164 (1965).