303 So.2d 777 (1974)
W. K. INVESTMENT COMPANY
v.
John G. TYLER.
No. 9967.
Court of Appeal of Louisiana, First Circuit.
October 14, 1974.
Rehearing Denied December 16, 1974.
Writ Refused January 10, 1975.
Garland R. Rolling, Metairie, for appellant.
Clint L. Pierson, Jr., Covington, for appellee.
Before SARTAIN, ELLIS and de la HOUSSAYE, JJ.
de la HOUSSAYE, Judge.
Appellants, John and Patricia Tyler, appeal from a judgment denying their claims to homestead exemption under the provisions of Article XI of the Louisiana Constitution in a suit brought by a mortgage creditor to foreclose a mortgage by executory process. They also appeal the court's decision to include attorney's fees which were provided for in the mortgage.
We uphold the judgment of the Trial Court.
From the stipulated facts placed into the record by the parties (no oral testimony was adduced) and from the record itself, the following facts emerge.
*778 On March 18, 1972, John Tyler, husband of Patricia Tyler, executed a promissory note for $5,300.00 in favor of himself and endorsed the same in blank. This note was paraphed with an act of mortgage in which John Tyler mortgaged the questioned property in favor of Oaks, Inc. The mortgage did not contain any provision for the waiver of his homestead exemption but it did provide for 15% attorney's fees, should the holder retain an attorney to collect the note. Patricia Tyler did not sign the note or the mortgage.
On October 3, 1973, W. K. Investment Company, as holder in due course of the note, filed a petition for executory process praying for the seizure and sale of the mortgaged property, since the Tylers became delinquent in their monthly payments. On December 13, 1973, Mr. and Mrs. Tyler filed joint petitions for bankruptcy in the United States District Court for the Eastern District of Louisiana, listing W. K. Investment Company as a creditor. This property was disclaimed by the referee in bankruptcy as being encumbered in excess of its value and the Tylers were subsequently discharged from all of their debts. On January 25, 1974, the day after the disclaimer, Mr. and Mrs. Tyler filed this rule seeking to have their homestead exemption recognized and seeking to have the attorney's fees in the executory proceedings excluded from the judicial sale of the property.
Appellants maintain that since neither of them waived their homestead exemption rights in the mortgage, they are both entitled to have their homestead exemption rights recognized and enforced at the judicial sale of the property. Additionally, Patricia Tyler maintains that since she did not consent to any waiver of her homestead exemption, and since her husband cannot waive these rights for her, then her homestead exemption rights must be recognized.
The pertinent constitutional provisions are all found in Article 11 of the Louisiana Constitution of 1921:
"SECTION 1. Property exempt; valuation; claim of benefit.
Section 1. There shall be exempt from seizure and sale by any process whatever, except as hereinafter provided, the homestead, bona fide, owned by the debtor and occupied by him, consisting of lands, not exceeding one hundred and sixty (160) acres, buildings and appurtenances, whether rural or urban, of every head of a family, or person having a mother or father or a person or persons dependent on him or her for support;... to the total value of not more than Four Thousand Dollars ($4,000.00).
"SECTION 2. Existing rights; debts excluded from exemption; enforcement of judgment, etc.
Section 2. Rights to homesteads or exemptions, under laws, or contracts or obligations existing at the time of the adoption of this Constitution, shall not be impaired, repealed or affected by any provision of this Constitution, or any laws passed in pursuance thereof.
This exemption shall not apply to the following debts, to-wit:
1. For the purchase price of property or any part of such purchase price. (Art. 11, Sect. 2, Sub. Sect. 1, La. Const.1921)
* * * * * *
6. For the amount which may be due a homestead or building and loan association for a loan made by it on the security of the property; provided, that if at the time of making such loan the borrower be married, and not separated from bed and board from the other spouse, the latter shall have consented thereto." (Art. 11, Sect. 2, Sub. Sect. 6, La.Const. 1921)
"SECTION 3. Sales; waiver of homestead.
Section 3. .... Any person entitled to a homestead may waive same, in *779 whole or in part, by signing a written waiver thereof; provided, that if such person be married, and not separated from bed and board from the other spouse, then the waiver shall not be effective unless signed by the latter;...." (Art. 11, Sect. 3, La.Const. 1921)
The trial judge found that the note represented the purchase price of the property, and, as such, appellants are not entitled to the exemption under the provisions of Section 2(1) of Art. 11 of the Louisiana Constitution. We find no evidence in the record to indicate contrary to the court's ruling. Therefore, we uphold the finding of the lower court. Barlow v. Estate of Carr, 292 So.2d 721 (La.App. 2nd Cir. 1974), cited by appellants, is not applicable to this case, as the Barlow Case involved the wife's claim to the homestead exemption for monies advanced to her husband in which his separate property was used as security for the loan, not for the purchase price; thus bringing it under the provisions of Section 2(6) of Art. 11 of the Louisiana Constitution of 1921.
Appellants also maintain that attorney's fees should not be attached in the proceeds of the sheriff's sale of the property as Mr. Tyler was discharged from all of his debts in bankruptcy and, additionally, Mrs. Tyler did not sign the mortgage which provided for the attorney's fees.
It is clear that the husband, as head and master of the community, can bind the community under Art. 2403 and 2404 of the Civil Code, and that this debt is a part of the community indebtedness. There was no need for Mrs. Tyler to execute the note or the mortgage to bind the community. Mr. Tyler maintains that since the property was disclaimed by the referee in bankruptcy and since he was discharged from his debts, the attorney's fees are a personal obligation of the Tylers' which were discharged and are not enforceable against the property. The trial court disagreed and we affirm the decision of the trial court. When mortgaged property is disclaimed by the Bankruptcy Court, title to the property reverts in the bankrupt subject to the mortgage, and a subsequent discharge in bankruptcy releases the bankrupt's personal liability on the indebtedness but the mortgage remains intact. Mid-City Finance Co., Inc. v. Watson, 195 So.2d 309 (La.App. 4th Cir. 1967); Schenker v. Demarest, 195 So.2d 346 (La.App. 4th Cir. 1967); Corcoran v. Andrews, 195 So.2d 767 (La.App. 2nd Cir. 1967); 9 Am.Jur.2d, Sec. 943, 706; 8 C.J. S. Bankruptcy § 201, p. 1012. Since the mortgage contained the provisions for attorney's fees, they are now collectible from the proceeds of the sheriff's sale of the property.
Accordingly, the judgment of the trial court is affirmed in all respects. Costs of this appeal are to be borne by defendants-appellants, John and Patricia Tyler.
Judgment affirmed.