SARTAIN, Judge.
The issue presented in this litigation concerns the rights of a conventional mortgagee of real property following the mortgagor-debtor’s discharge in bankruptcy. From a judgment decreeing his mortgage cancelled, the mortgagee has appealed. We reverse and remand.
The record on appeal does not contain a transcript of the evidence, a narrative of fact, nor oral or written reasons by the trial judge. However, from the pleadings, two exhibits, and briefs of counsel, the following occurred:
On July 5, 1973, Terrebonne Bank and Trust Company (Terrebonne Bank) recorded a collateral mortgage on certain real property owned by Howard A. Porter (Porter). On this same date, Don S. R. Ferguson (Ferguson) recorded a second mortgage covering the same property. On July 28, 1975, Porter and his wife were discharged in bankruptcy in the United States District *677 Court. Following recordation of the order of discharge, the Clerk and Recorder of Mortgages for the Parish of Terrebonne (Clerk of Court) on February 19, 1976, can-celled the above mortgages. On March 17, 1976, Porter executed a new mortgage in favor of Terrebonne Bank.
By letter dated July 16, 1977, Ferguson’s counsel forwarded his petition for executo-ry process. He requested the Clerk of Court to certify as true an enclosed copy of the mortgage and present the documents to the district judge for the issuance of the customary writ of seizure and sale.
Shortly thereafter Terrebonne Bank filed its petition of intervention and asserted that by virtue of the cancellation of the prior mortgages Ferguson’s claim is unenforceable and that its mortgage of March 17,1976, constituted a first mortgage on the property sought to be seized by Ferguson.
The matter proceeded to a hearing on companion rules directing Ferguson to show cause why his request for executory process should not be denied and the bank’s mortgage of March 17,1976, should not be designated as the first and only mortgage recorded against the subject property as of March 17, 1976.
Judgment thereon was rendered recognizing the bank’s mortgage of March 17, 1976, as the only uncancelled mortgage of record as of that day and rejecting Ferguson’s petition for the writ of seizure and sale.
On appeal, Ferguson argues that the trial judge erred (1) in holding that a discharge in bankruptcy voided his in rem rights against the subject property; (2) in holding that the Clerk of Court may cancel the subject mortgages on the authority of the discharge in bankruptcy; and (3) in failing to find that the new note and mortgage of Terrebonne Bank extinguished its prior mortgage of July 5, 1973, elevating Ferguson’s second mortgage of that date to a first lien.
Terrebonne Bank urges the correctness of the decision appealed and, alternatively, contends that in the event the earlier mortgages were erroneously cancelled, then both mortgages should be reinstated according to their order of recordation.
A copy of Porter’s discharge in bankruptcy was not offered in evidence. However, it appears from the arguments in brief of both counsel that the discharge was a general one and that the property was disclaimed by the Trustee in Bankruptcy. Further, it is abundantly clear that the Clerk of Court relied upon R.S. 9:5165 as his authority to cancel the two mortgages recorded on July 5, 1973. If the Clerk of Court has relied upon a general discharge in bankruptcy, he has misconstrued the statute.
R.S. 9:5165 provides:
“No clerk of court and ex officio recorder, and no recorder of mortgages, of the State of Louisiana, and no deputy of such officers, who cancels and erases from the records of his office any mortgage, judgment, lien or other encumbrance upon the written order or judgment of any judge, sheriff or United States referee in bankruptcy shall be liable in either his individual or official capacity to any person or persons for any damages as the result of such cancellation. This exemption from liability shall extend likewise to any surety on the official bond of such officer.”
There is nothing in the statute which states that a general discharge in bankruptcy automatically permits and/or requires the cancellation of all liens and mortgages recorded against the property of a bankrupt. The orders referred to in the statute are such orders as are specific and direct a Clerk of Court to cancel a given mortgage(s) so that property sold through bankruptcy sales may be conveyed with a clear title.
It has been the settled jurisprudence of this state for many years that prior recorded mortgages retain their viability in rem against the encumbered property. Schnailder v. Fontenot, 147 La. 467, 85 So. 207 (1920) and Socony Mobile Oil Co. v. Burdette, 309 So.2d 655 (La.1975). While most of the cases involved judicial mortgages the above rule is just as applicable to conventional mortgages.
*678 The argument advanced by Terrebonne Bank, i. e., that a general discharge in bankruptcy authorizes the cancellation of all prior recorded mortgages, would not only relieve the bankrupt of all personal liability but would also release his property. Thus, the bankrupt would then be free to remortgage or even sell his property to a third party free and clear of any encumbrances.
In W. K. Investment Co. v. Tyler, 303 So.2d 777, 779 (La.App. 1st Cir. 1974), we stated:
“When mortgaged property is disclaimed by the Bankruptcy Court, title to the property reverts in the bankrupt, subject to the mortgage, and a subsequent discharge in bankruptcy releases the bankrupt’s personal liability on the indebtedness, but the mortgage remains intact.”
In Excel Finance Mid City, Incorporated v. Williams, 205 So.2d 846, 847 (La.App. 4th Cir. 1968), the court said:
“Since the trustee in bankruptcy has disclaimed the chattel mortgaged property, the plaintiff-creditor may enforce his claim by foreclosure in the state courts. See Excel Finance Camp, Inc. v. Tannerhill, La.App., 140 So.2d 202. His rights against this property are limited to the ranking of his chattel mortgage along with privileges belonging to other creditors in this property and the amount for which his claim is secured. These rights are theoretically valid until prescribed, but are of practical value only so long as the property has a market value greater than the interests of all creditors who precede this chattel mortgage holder in the ranking of privileges and security rights against this property.”
See also, Excel Finance Camp, Inc. v. Tannerhill, 140 So.2d 202 (La.App. 4th Cir. 1962). For a general discussion relating to the effect of an adjudication in bankruptcy on prior existing mortgages against the property of the bankrupt, see 8B C.J.S. Verbo Bankruptcy, §§ 201(C) and 582(2).
If Porter’s discharge in bankruptcy was general in nature and if the mortgaged property was not administered but was disclaimed by the bankruptcy court and the Clerk of Court relied upon this instrument as his authority to cancel prior recorded mortgages, then same was done in error. This, however, does not diminish their legal effect. Zimmerman v. Fryer, 190 La. 814, 183 So. 166 (1938) and Davis-Wood Lumber Company v. DeBrueys, 200 So.2d 916 (La.App. 1st Cir. 1967).
It is therefore necessary to remand this cause so the legal effect of Porter’s discharge may be determined with certainty. If the evidence adduced on remand is to the effect that the discharge was in fact general, then the prior mortgages must be reinstated and Ferguson is entitled to proceed with his executory process in accordance with law.[1]
We do not pass upon Ferguson’s third assignment of error, above, that the mortgage of March 17, 1976, constituted an ex-tinguishment of its prior mortgage of April 5, 1973 under C.C. Art. 3411(4). The circumstances surrounding the March 17,1976, transaction are not in the record and this issue can best be resolved if and when it is determined that Ferguson’s second mortgage is enforceable.
Accordingly, for the above reasons, the judgment of the district court is reversed insofar as it recognized the $24,700.00 mortgage of Terrebonne Bank & Trust Company recorded on March 17, 1976, as the only uncancelled mortgage as of that date on the following described property:
“A certain lot of ground located about ten (10) miles above the City of Houma, on the West side of Bayou Terrebonne, part not fronting thereon, in Section 4, T16S, R16E, and Section 4, T16S, R17E, and being a portion of the North one-half (V2) of the old ‘Half-Way Plantation’; said lot being more fully shown and described on a plat entitled ‘Map Showing *679 Property of Alvin P. Landry, Et Al, Made by Douglass S. Talbot, C. E., on November 10, 1965’; said plat being recorded in the office of the Clerk of Court, Terrebonne Parish, Louisiana, in COB 410 at Folio 268, Entry No. 290,498; the Southeast corner of said lot being designated by point ‘H’ on said plat, said lot measuring a distance of eighty (80') feet front on the North side of Merlin Street, commencing at point ‘H’ and thence traveling in a westerly direction along the northernmost boundary of Merlin Street, between equal and parallel lines measuring One Hundred Sixty-Six and Thirty-Hundredths (166.30') feet, said lot being bounded on the South or in front by Merlin Street, North or in the rear by Fairlane Subdivision, on the West by other property of mortgagor and on the East by property belonging to Cecil McDonald, or assigns; together with all buildings and improvements thereon and with all rights, ways, privileges and servitudes thereunto belonging or in anywise appertaining.”
and this matter is remanded for further proceedings consistent with the views herein expressed.
All costs of this appeal are to be borne by Terrebonne Bank & Trust Company with final costs to await final determination.
REVERSED AND REMANDED.

. We note that Ferguson’s copy of the mortgage was not certified by the Clerk of Court as requested. This oversight can be easily corrected on remand if the mortgages warrant reinstatement.