KLEES, Judge.
Defendant Alice Harris appeals the trial court’s judgment holding her liable to plaintiff for the unpaid balance on an installment contract. We reverse.
In September of 1982, plaintiff Philip Werlein, Ltd. [hereinafter “Werlein’s”] sold a saxophone to Mrs. Alice Harris on an installment contract. The sale was secured by a chattel mortgage on the instrument. Some time later, Mrs. Harris ceased making payments on the contract, and in May of 1983 she and her husband Marvin Harris filed for Chapter 7 bankruptcy.
The trustee in bankruptcy recognized the Harrises’ (community) debt to Werlein’s, but disclaimed the saxophone on the grounds that there was insufficient equity over and above the amount of Werlein’s lien to justify administration of the property. (See “Trustee’s Petition of Disclaimer or Abandonment,” exhibit P-1). The saxophone therefore remained in the possession of the Harrises.
In June of 1984, Marvin Harris left his wife, apparently taking the saxophone with him. Mrs. Harris is unaware of her husband’s whereabouts. On April 11, 1985, Werlein’s filed a petition in the New Orleans First City Court against Alice Harris seeking $913.74, the amount of debt remaining on the saxophone, plus interest and attorney’s fees as provided in the installment contract. Following a trial on the merits, the trial judge ruled in favor of Werlein’s, without giving written reasons.
On appeal, the defendant argues that the trial court erred in finding for the plaintiff because, under the law, when mortgaged property is disclaimed by the bankruptcy court, the personal liability of the debtor is discharged, although the property remains subject to the lien. We agree.
In Schenker v. Demarest, 195 So.2d 346 (La.App. 4th Cir.1967), this court stated:
The law is clear to the effect that a discharge in bankruptcy acts as a bar to the personal liability of the bankrupt on all dischargeable obligations listed in his schedules. In some instances, the trustee will obtain permission from the referee in bankruptcy to disclaim from the bankrupt estate certain property which, because encumbered by mortgages, liens, or other obligations, is unworthy of administration and is not susceptible to liquidation for the benefit of the general unsecured creditors. In this class of cases, the creditor holding the mortgage or other security device is precluded from proceeding in personam against the bankrupt, but nevertheless may proceed in rem against the property subject to his mortgage or lien.
195 So.2d at 347 (Emphasis added). Accord: Mid-City Finance Co., Inc. v. Watson, 195 So.2d 309 (La.App. 4th Cir.1967); W.K. Investment Co. v. Tyler, 303 So.2d 777 (La.App. 1st Cir.1974), writ denied, 305 So.2d 543 (La.1975).
In this case, Werlein’s did not sue in rem for the return of the saxophone, but sued Mrs. Harris in personam for the amount of the debt. Under the law, Werlein’s claim must be denied because Mrs. Harris no longer has any personal liability for this debt. It is undisputed that the debt to Werlein’s was included in the schedules filed in the bankruptcy court and that the saxophone was disclaimed by that court. Therefore, the Harrises’ personal debt was discharged, and Werlein’s only right is to execute its chattel mortgage on the saxophone.
*139 Plaintiff argues that Mrs. Harris’ personal liability for the debt was reinstated because she had a duty after the discharge and disclaimer to preserve and maintain the property in her possession until its return to the creditor, which duty she breached. Plaintiff cites two sections of the federal bankruptcy statute, 11 U.S. C.A. §§ 523 & 524, for this proposition, neither of which mention any such duty of the bankrupt or the consequences of breaching it. Nor has this court been able to find any support in the law for plaintiff’s contention. We therefore conclude that the law is in favor of defendant, and we find the trial court’s judgment to be in error.
Accordingly, for the reasons given, the judgment of the First City Court is reversed, and the petition of Philip Werlein, Ltd. is dismissed with prejudice.
REVERSED.